IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal Action No. **3:18CR135**

**CHRISTOPHER WILLS,**

    Petitioner.

## MEMORANDUM OPINION

Christopher Wills, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 130). Wills demands relief upon the following grounds:[1]

| | |
|---|---|
| Claim One | Wills was denied the effective assistance of counsel when counsel failed to file a motion to suppress. (§ 2255 Mot. 4.) |
| Claim Two | Wills's conviction for possession of a firearm by a convicted felon must be vacated in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (§ 2255 Mot. 19.) |
| Claim Three | Wills failed to receive effective assistance of counsel during the plea-bargaining process because counsel failed to pursue a conditional plea which would have allowed Wills to pursue and preserve the suppression issues raised in Claim One. (*Id.* at 20.) |
| Claim Four | (a) Wills failed to receive the effective assistance of counsel because "counsel falsely informed [Willis] that no appeal could be taken." (*Id.* at 22.)<br>(b) Wills instructed counsel to file an appeal and counsel refused to file an appeal. (*Id.* at 22; ECF No. 146, at 1.) |

As explained below, with the exception of Claim Four (b) the foregoing claims lack merit and will be DISMISSED.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in the quotations from the parties' submissions.

# I. PERTINENT FACTUAL AND PROCEDURAL HISTORY

On December 4, 2018, Wills was charged in a Superseding Indictment with: conspiracy to possess with intent to distribute cocaine (Count Two); possession with intent to distribute cocaine (Count Three); possession of a firearm by a convicted felon (Count Four); and possession of a firearm in furtherance of furtherance of a drug trafficking crime (Count Five). (ECF No. 31, at 2–4.) On January 11, 2019, pursuant to a written Plea Agreement, Wills pled guilty to Counts Three and Four. (ECF Nos 64, 65.) In the Statement of Facts filed in conjunction with the Plea Agreement, Wills acknowledged that the facts contained in Counts Three and Four of the Superseding Indictment and the following facts were true and the Government could have proven them beyond a reasonable doubt had the matter gone to trial:

1. On April 28, 2018, Richmond Police officers performed a traffic stop on a vehicle driven by co-defendant Keith Gasque ("K. Gasque"). During the traffic stop, law enforcement recovered from a bag in the vehicle two firearms.
2. Officers also recovered from the vehicle a firearm magazine from the center console. They attempted to fit the firearm magazine in the two firearms, but found that the magazine did not fit. Accordingly, the officers sought and received a search warrant for K. Gasque's home at 2812 Geneva Drive, Richmond, Virginia.
3. On May 3, 2018, officers executed a search warrant at 2812 Geneva Drive. When they arrived, they encountered Regina Gasque ("R. Gasque"). After informing her of the basis for the search warrant, the officers began to search the home. They arrived at a locked bedroom in the home which R. Gasque admitted belonged to her and Christopher Wills ("Wills"). She stated that only she and Wills possessed the key to this bedroom.
4. When officers searched the bedroom, they found underneath the mattress a Charter Arms Pink Lady 38 caliber revolver, serial number 15–08455, which R. Gasque immediately admitted belonged to her.
5. The officers also discovered four additional firearms in the bedroom on the side of the bed that R. Gasque identified as belonging to Wills. Those firearms were a Taurus model 851, .38 caliber revolver, serial number BS39817; a Ruger model SR22, .22 caliber pistol, serial number 361–15346; a High Point model JHP, .45 caliber pistol, serial number X4176717; and a High Point model C9, 9mm caliber pistol serial number P164859. Each of the firearms recovered from the bedroom travelled in and affected interstate commerce.
6. In the same location as the firearms, officers found a black bag containing several ounces of suspected cocaine, packaged in one-ounce quantities. Laboratory reports confirmed the substance to be approximately 251.3 grams of cocaine. In

the top drawer of the dresser drawer in the room law enforcement also located a digital scale, a plastic cup and spoon with suspected cocaine residue, and Wills's identification card.

7    On or about November 30, 2018, law enforcement arrested Wills pursuant to the indictment in this case. After being read his *Miranda* rights, Wills admitted to owning the drugs in the bedroom and to having engaged in drug trafficking over the previous several years.

8.   Prior to May 3, 2018, Wills had been convicted of a crime punishable by greater than one year of incarceration.

(ECF No. 66, at 1–2.) On April 30, 2019, the Court sentenced Wills to 109 months of imprisonment. (ECF No. 122, at 2.)

## II. ANALYSIS

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A.    Alleged Ineffective Assistance with Respect to a Motion to Suppress

In Claim One, Wills contends that counsel performed deficiently by failing to move to suppress the items recovered from the room he shared with R. Gasque. Wills raises a number of

theories as to why these items were subject to suppression. Before turning to these ultimately frivolous theories for suppression, it is appropriate to recite the relevant facts regarding the search warrant and its execution.

The affidavit in support of the search warrant stated, in pertinent part:

> On 04/28/2018, at approximately 0130 hours, Officer Odic and myself, Knudsen, initiated a traffic stop at the intersection of E. Broad Rock Rd. and Lawson St. We stopped Mr. Keith Isiah Gasque for a window tint violation. Mr. Gasque provided us his identification. Mr. Gasque's information was run for warrants and none were found. Based on Mr. Gasque's demeanor he was asked to step out of the vehicle. He was advised that a protective sweep would be conducted.
> 
> The protective sweep was conducted and a magazine for a handgun loaded with bullets was found in the center console. We attempted to handcuff Mr. Gasque for investigative detention. Mr. Gasque ran from us and was caught soon after a short pursuit.
> 
> He said the vehicle he was driving was his mother's vehicle. The registered owner of the vehicle was Regina Gasque. Regina Gasque's address listed in DMV is 2812 Geneva Dr. Mr. Gasque stated that he lived at 2812 Geneva Dr. Mr. Gasque's information was run in various other Police databases and all data bases listed Mr. Gasque's address as 2812 Geneva Dr.
> 
> A search of the vehicle was conducted. While searching the vehicle a backpack in the back seat was found. The backpack contained two loaded hand guns and an empty extended magazine. The empty extended magazine did not fit into either weapon, and was a different manufacturer. Based on my training and experience dealing with firearms, I recognized the extended magazine to belong to a Glock firearm, while the two firearms that were recovered were a Smith and Wesson and Girsan, respectively. Mr. Gasque's information was then run through Teletype and it was confirmed that Mr. Gasque is a convicted felon.
> 
> In my experience, as well as Detective Odic's experience, I know that individuals will often store firearms at their places of residence. Mr. Gasque was in possession of two firearms, and a magazine belonging to a third firearm that was not recovered at the time of his arrest. This would lead me to believe that the missing firearm is at Mr. Gasque's residence of 2812 Geneva Dr.
> 
> Given that Mr. Gasque stated that he resides at 2812 Geneva Dr., Richmond, VA 23224, the vehicle's registration and DMV has 2812 Geneva Dr. as the listed address and all Police databases had Mr. Gasque's address as 2812 Geneva Dr., it is my belief that a search of 2812 Geneva Dr. will yield further evidence of possession of a firearm by a convicted felon.
> 
> This affiant has been an officer with the City of Richmond Police Department for 8 years. This affiant has taken classes taught at the Richmond Police Department on the use of firearms, including familiarization and identifying various firearm types. This affiant has made numerous firearm arrests.

> Detective Odic has been an officer with the City of Richmond Police Department for two and a half years. Detective Odic has received training through the Richmond Police Academy in recognition and use of firearms. Detective Odic has seized upwards of 70 firearms throughout his career, and these seizures have led to arrests and convictions in the General District and Circuit Courts.

(ECF No. 135-1, at 5–6 (paragraph header removed).) The police obtained a search warrant that authorized them to search "2812 Geneva Dr., Richmond VA 23224" for "[f]irearms, ammunition, and any evidence related to the possession of firearms." (*Id.* at 1.) Thereafter, as recounted above, the police searched the locked bedroom Wills shared with R. Gasque at 2812 Geneva Dr in Richmond and recovered firearms and cocaine.

Initially, Wills contends that the search of his locked room violated his Fourth Amendment rights because "Regina Gasque made it abundantly clear to the officers that her son – Keith Gasque, lacked access to the aforesaid locked room. Consequently, the officers exceeded the particularity bound of the search warrant since the offense being investigated" pertained to whether Keith Gasque illegally possessed firearms. (ECF No. 130, at 6–7). Relatedly, Wills asserts that "[t]he fruitless search of Keith Gasque's bedroom marked the end of the magistrate's permission for [the police] to search for a suspected firearm." (*Id.* at 7.) The search warrant clearly permitted the police to search the entire residence at 2812 Geneva Drive for firearms and ammunition. The fact that Wills and his girlfriend locked their bedroom door and Ms. Gasque indicated that Keith Gasque did not have access to their bedroom does not alter that fact. *See United States v. Canestri*, 518 F.2d 269, 273–74 (2d Cir. 1975) (citation omitted) (some internal quotation marks omitted) ("The warrant directed that the entire house be searched. . . . [T]o exclude the storeroom from the scope of the warrant on the facts of this case, would be to suggest that the purposes of a search warrant could be frustrated by the mere declaration of the owner of a one-family residence that one of the rooms therein 'belongs' to a party not named in the warrant.").

Next, Wills contends that the search that revealed the cocaine exceeded the bounds of the search warrant. Specifically, Wills contends that "[t]he search warrant only authorized officers to search for a 'Glock' type firearm. The containers in which the substances were stored were not capable of concealing a Glock type firearm." (ECF No. 130, at 11.) Wills misreads the warrant. The warrant clearly authorized the search for firearms and *ammunition*. The record does not indicate that the black bag or other container(s) in which the cocaine was discovered could not also have served as a hiding place for ammunition.

Finally, Wills contends that "[t]he discovery of two pistols and an ammunition magazine for an automatic type handgun did not provide 'probable cause' for issuance of a general search warrant [for the entire house] in which Keith Gasque resided with his mother." (*Id.* at 13.)[2] But it did. *See United States v. Ayers*, 924 F.2d 1468, 1480 (9th Cir. 1991) (citations omitted) ("A search warrant for the entire premises of a single-family residence is valid, notwithstanding the fact that it was issued based on information regarding the alleged illegal activities of one of several occupants of a residence."). In short, counsel reasonably eschewed pursuing a frivolous motion to suppress. Because Wills fails to demonstrate deficiency or prejudice, Claim One will be DISMISSED.

In a related vein, in Claim Three, Wills faults counsel for failing to pursue a conditional plea which would have allowed Wills to pursue a motion to suppress and litigate any denial of that

---

[2] Wills also passingly refers to a number of other alleged improprieties, but he fails to demonstrate why they would support a viable basis for suppressing the evidence that gave rise to Counts Three and Four. For example, he asserts that his arrest "resulted, exclusively, from Regina Gasque's involuntary statements following the Fourth Amendment violation of her privacy." (ECF No. 130, at 10.) Wills fails to articulate how he could seek relief based on a violation Reginia Gasque's rights. *Rakas v. Illinois*, 439 U.S. 128, 133 (1978) (emphasizing that "Fourth Amendment rights are personal rights that may not be asserted vicariously"). Additionally, Wills complains about the towing and search of the vehicles located on the property at 2812 Geneva Dr. However, the record indicates that no items relevant to the conduct charged in Counts Three and Four were recovered from these vehicles. (ECF No. 89 ¶ 47.)

motion. Because any motion to suppress on the grounds urged by Wills would have been frivolous, Wills fails to demonstrate that counsel performed deficiently by failing to pursue a conditional plea. Moreover, Wills fails to demonstrate any reasonable possibility that the Government was willing to extend the same plea offer to Wills, and allow him to retain the right to appeal. Therefore, Wills fails to demonstrate prejudice. *See Lafler v. Cooper*, 566 U.S. 156, 168 (2012) (observing a defendant cannot demonstrate prejudice with respect to a plea offer "[i]f no plea offer is made"). Accordingly, Claim Three will be DISMISSED.

### B. Alleged Error Under *Rehaif v. United States*, 139 S. Ct. 2191 (2019)

Under 18 U.S.C. § 922(g)(1), it is unlawful for a person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. A separate provision, 18 U.S.C. § 924(a)(2), requires that anyone who "knowingly violates" § 922(g)(1) shall be fined or imprisoned for up to ten years. In *Rehaif*, the Supreme Court determined that § 922(g) does not criminalize a defendant's "innocent mistake" and therefore, a conviction under § 922(g) requires "knowledge of [the] status" that renders firearm possession unlawful. 139 S. Ct. 2197. Accordingly, *Rehaif* held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm *and that he knew* he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200 (emphasis added).[3]

---

[3] In *Rehaif*, a jury convicted the defendant of being an alien unlawfully in the United States in possession of firearms in violation of § 924(g)(5) and § 924(a)(2). 139 S. Ct. at 2194. As explained by the United States Supreme Court:

> Petitioner Hamid Rehaif entered the United States on a nonimmigrant student visa to attend university. After he received poor grades, the university dismissed him and told him that his "'immigration status'" would be terminated unless he transferred to a different university or left the country. Rehaif did neither.

Relying on this holding, Wills contends that his plea colloquy was defective because he was not informed that the Government had to prove knowledge of prohibited status. Wills apparently suggests that, because he was unaware of this element of the § 922(g) offense, his plea was not knowing and voluntary and his conviction must be vacated.[4] However, as discussed below, Claim Four is procedurally defaulted, and barred from review here.

Wills clearly did not raise his *Rehaif* claim during his criminal proceedings in this Court or on direct review. The Government correctly asserts that, absent a showing of cause and prejudice

---

Rehaif subsequently visited a firing range, where he shot two firearms. The Government learned about his target practice and prosecuted him for possessing firearms as an alien unlawfully in the United States....

*Id.* at 2194 (internal citations omitted). During his trial, Rehaif objected to the jury instruction "that the 'United States is not required to prove' that Rehaif 'knew he was illegally or unlawfully in the United States,'" at the time he possessed the firearm. *Id.* (citation omitted). The Court overruled the objection, the jury found him guilty, and Rehaif was sentenced to 18 months of incarceration. *Id.* The Eleventh Circuit affirmed his conviction and sentence. *Id.* at 2195. The United States Supreme Court reversed, holding that: "To convict a defendant, the Government... must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194.

[4] Wills does not specifically argue that *Rehaif* requires that the Government prove that he knew his conviction for a crime punishable by a term of imprisonment exceeding one year accorded him a status barring him from legally possessing a firearm. However, to the extent that he had, that contention lacks merit. *Rehaif* does not require the Government to prove that Wills knew his possession of a firearm was unlawful in addition to proving he "knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. 2194. To the contrary, "the scope of a defendant's knowledge as required by *Rehaif* does not extend beyond the defendant's relevant status (that he was a felon)." *United States v. Jackson*, No. 3:17–810–CMC, 2021 WL 694848, at *8 (D.S.C. Feb. 23, 2021) (quoting *Rehaif*, 139 S. Ct. at 2194). Although the Fourth Circuit has not weighed in on this argument, four circuit courts have agreed that after *Rehaif*, "the Government must prove only that [the defendant] knew, at the time he possessed the firearm, that he belonged to one of the prohibited status groups enumerated in § 922(g)," *United States v. Singh*, 979 F.3d 697, 728 (9th Cir. 2020), —not that "he knew his status prohibited him from owning a firearm." *Id.* at 727; *see also United States v. Maez*, 960 F.3d 949, 945–55 (7th Cir. 2020) *petition for cert. filed*, Nos. 20–6129, 20–6226, 20–6227 (U.S. Oct. 19, 2020 & Oct. 28, 2020); *United States v. Robinson*, 982 F.3d 1181, 1187 (8th Cir. 2020); *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 2572 (2020); 140 S. Ct. 814 (2020).

8

or actual innocence, Claim Three is barred from review here because Wills could have raised, but did not raise, this claim on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *see also United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009) (internal quotation marks omitted) (citation omitted) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that *could have* been raised on appeal."). The Court need not determine whether Wills has shown cause, because he clearly suffered no actual prejudice. *See United States v. Frady*, 456 U.S. 152, 167 (1982).

In order to demonstrate prejudice, Wills must show "a reasonable probability that, but for [the alleged] errors, he would have not pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004) (explaining that defendant can only establish a Rule 11 error affected his substantial rights by "show[ing] a reasonable probability that, but for the error [at his plea hearing], he would not have entered the plea"). Notably, Wills does not argue that, but for the *Rehaif* error, he would have pled not guilty and insisted on proceeding to trial. For this reason alone, Wills has failed to meet his burden of establishing actual prejudice. *See Greer v. United States*, No. 19-8709, 2021 WL 2405146, at *4 (U.S. June 14, 2021).

Moreover, the undisputed evidence establishes that the Government would have easily demonstrated that Wills was aware of his prohibited status. As the Court inferred in *Rehaif*, the Government's obligation to prove a defendant's knowledge of his status as convicted felon is hardly "burdensome," because "knowledge [of status] can be inferred from circumstantial evidence." 139 S. Ct. 2198 (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994)); *see United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) ("Demonstrating prejudice under

*Rehaif* will not be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew."), *petition for cert. filed*, No. 20–5489 (U.S. Aug. 25, 2020).

In *Rehaif*, the Supreme Court addressed "what it means for a defendant to know he has 'violate[d]' 922(g)." 139 S. Ct. 2195. The Supreme Court set forth four elements that make possession of a firearm or ammunition unlawful: "(1) a status element (in this case, [being a felon with a sentence of imprisonment of more than one year]); (2) a possession element (to 'possess'); (3) a jurisdictional element ('in or affecting commerce'); and (4) a firearm element (a 'firearm or ammunition')." *Id.* at 2195–96. Only element (1) is at issue in the present case: whether Wills was aware that he was a felon with a sentence of more than a year at the time he possessed the firearm. Overwhelming evidence reflects that Wills knew of his felon status at the time of the firearm offense and the Government easily would have proven that fact if he had insisted on proceeding to trial. *Cf. Greer*, 2021 WL 2405146, at *7 ("In felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon."). Namely, Wills had been convicted of multiple felonies including possession with intent to distribute cocaine base by this Court for which he was sentenced to 189 months of imprisonment and spent multiple consecutive years in prison. (ECF No. 83 ¶ 83.) This same information dispels any suggestion that Wills's actual innocence could excuse his default. Accordingly, Claim Two is defaulted and will be DISMISSED.

## C. Ineffective Assistance of Counsel with Respect to Pursuing an Appeal

In Claim Four (a), Wills contends that counsel was ineffective because "counsel falsely informed [Wills] that no appeal could be taken." (*Id.* at 22.) In support of this contention, Wills cites to *Class v. United States*, 138 S. Ct. 798 (2018), which held that a guilty plea alone does not "bar a criminal defendant from later appealing his conviction on the ground that the statute of conviction violates the Constitution." *Id.* at 801–02. However, Wills also entered into Plea Agreement in which he expressly waived the right to appeal his conviction and sentence "on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal." (ECF No. 65 ¶ 4.) Wills fails to demonstrate that he had any issue that fell outside of the appeal waiver in his Plea Agreement. Accordingly, Wills fails to demonstrate that counsel performed deficiently. Claim Four (a) will be DISMISSED.

Initially, in his § 2255 Motion, Wills was less than clear as to whether he explicitly and unequivocally directed counsel to file an appeal. (§ 2255 Mot. 22.) Subsequently, on April 5, 2021, Wills swore that, "on around April of 2019, I explicitly asked attorney Gerald Zerkin to file an appeal which he refused." (ECF No. 146, at 1.) The Government has not addressed Claim Four (b).

The record will be EXPANDED for Claim Four (b) in accordance with the instructions set forth below. The Court ORDERS Wills to file the following submissions within twenty-five (25) days of the date of entry hereof:

1. Copies of any records or correspondence which supports his assertion that he conveyed to counsel his desire to file an appeal;

2. A verbatim statement reciting any communications Wills had with counsel concerning Wills's instructions to counsel regarding an appeal. The statement must include a verbatim account of what Wills said to his attorney, Gerald Zerkin, and the exact responses from his attorney. The statement must recite the date and locations of any

11

conversations that took place. The foregoing statement must be in affidavit form or sworn under penalty of perjury.

If Wills fails to file a response as directed within the above time period, Claim Four (b) will be dismissed. Fed. R. Civ. P. 41(b).

Additionally, within forty (40) days of the date of entry hereof Wills's counsel, Gerald Zerkin is DIRECTED to provide counsel for the United States with copies of all correspondence to or from Wills regarding an appeal. Lastly, within that same time period, Mr. Zerkin is DIRECTED to provide counsel for the United States with a sworn statement about any statements he had with Wills about pursuing an appeal. Within fifty (50) days of the date of entry hereof, the United States shall file its response to Claim Four (b) in the form of a motion for summary judgment or a concession that an evidentiary hearing is necessary to resolve Claim Four (b).

### III. CONCLUSION

Claims One, Two, Three, and Four (a) will be DISMISSED. The record will be EXPANDED in conjunction with Claim Four (b). Wills's Motion to Supplement His Petition (ECF No. 134) will be GRANTED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 23 June 2021
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge