**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

UNITED STATES OF AMERICA,

v.                                                                     Criminal Action No. 3:18cr135

CHRISTOPHER WILLS,
            Petitioner.

## MEMORANDUM OPINION

Christopher Wills, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 Motion.

("§ 2255 Motion," ECF No. 130.)  Wills demands relief upon the following grounds:[1]

| | |
|---|---|
| Claim One | Wills was denied the effective assistance of counsel when counsel failed to file a motion to suppress.  (ECF No. 130, at 4.) |
| Claim Two | Wills's conviction for possession of a firearm by a convicted felon must be vacated in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  (*Id.* at 19.) |
| Claim Three | Wills failed to receive effective assistance of counsel during the plea-bargaining process because counsel failed to pursue a conditional plea which would have allowed Wills to pursue and preserve the suppression issues raised in Claim One.  (*Id.* at 20–21.) |
| Claim Four | (a) Wills failed to receive the effective assistance of counsel because "counsel falsely informed [Wills] that no appeal could be taken." (*Id.* at 22.) <br> (b) Wills instructed counsel to file an appeal and counsel refused to file an appeal.  (*Id.*; ECF No. 146, at 1.) |

By Memorandum Opinion and Order entered on June 23, 2021, the Court dismissed all of Wills's

claims with the exception of Claim Four (b). (ECF Nos. 148, 149.)

The Government has moved for summary judgment with respect to Claim Four (b), and

Wills has responded.  For the reasons set forth below, the government's motion for summary

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in the quotations from the parties' submissions.

judgment, (ECF No. 155), will be DENIED, and Claim Four (b) will be REFERRED for an evidentiary hearing.

Wills swears that, following his sentencing, both in the Courthouse, and subsequently over the phone, he instructed his attorney, Gerald Zerkin, to file an appeal.  (ECF No. 152–1, at 1–3.) According to Wills, Mr. Zerkin refused to file an appeal.  (*Id.*)

> Mr. Zerkin swears,
>
> Mr. Wills did not . . . tell me that he wanted to appeal, because, had he done so, I would have filed the notice.  I am certain, however, that I never told him that I would not file it, because I would have no reason not to file it and I have never refused to file a notice of appeal if a client has asked me to do so.  Refusing to do so when the client requested it would have been antithetical to the way I have practiced law throughout my career.  I believe I did tell him that, in light of the appeal waiver, I would not handle the appeal myself, but that the Court of Appeals would appoint other counsel to represent him.

(ECF No. 155–1 ¶ 3.)

An attorney's failure to file a requested appeal is *per se* ineffective assistance of counsel. *See Roe v. Flores-Ortega,* 528 U.S. 470, 483–86 (2000).  This is true even if the defendant has waived his right to appeal.  *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007).  The United States Court of Appeals for the Fourth Circuit has instructed that "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed."  *Id.* at 272.  That is the case here.  Accordingly, the motion for summary judgment, (ECF No. 155), will be DENIED.  The Clerk will be DIRECTED to appoint counsel to represent Wills with respect to Claim Four (b), and the Court SHALL hold an evidentiary hearing as to Claim Four (b).

An appropriate Order shall accompany this Memorandum Opinion.

Date: 24 March 2022
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge