IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.	Criminal Action No. 3:18cr135

CHRISTOPHER WILLS,
Petitioner.

## MEMORANDUM OPINION

Christopher Wills, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 motion ("§ 2255 Motion," ECF No. 130). Wills demanded relief upon the following grounds:[1]

| | |
|---|---|
| Claim One: | Wills was denied the effective assistance of counsel when counsel failed to file a motion to suppress. (§ 2255 Mot. 4.) |
| Claim Two: | Wills's conviction for possession of a firearm by a convicted felon must be vacated in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (*Id.* at 19.) |
| Claim Three: | Wills failed to receive effective assistance of counsel during the plea-bargaining process because counsel failed to pursue a conditional plea which would have allowed Wills to pursue and preserve the suppression issues raised in Claim One. (*Id.* at 20.) |
| Claim Four: | (a) Wills failed to receive the effective assistance of counsel because "counsel falsely informed [Wills] that no appeal could be taken." (*Id.* at 22.)<br>(b) Wills instructed counsel to file an appeal and counsel refused to file an appeal. (*Id.*; ECF No. 146, at 1.) |

By Memorandum Opinion and Order entered on June 23, 2021, the Court dismissed Claims One, Two, Three, and Four (a). (ECF Nos. 148, 149.) By Memorandum Opinion and Order entered on March 24, 2022, the Court denied the government's motion for summary judgment

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from the parties' submissions.

with respect to Claim Four (b) and ordered that the matter be set for an evidentiary hearing. (ECF Nos. 172, 173.)

The matter is now before the Court on Wills's *pro se* motion to alter or amend the Court's June 23, 2021 Memorandum Opinion and Order. ("Motion for Reconsideration," ECF No. 152.)[2] In his Motion for Reconsideration, Wills primarily challenges the Court's disposition of Claim One. Wills contends the Court failed to address all of his arguments as to why counsel should have moved to suppress the search warrant and otherwise erred in dismissing Claim One.

## I. STANDARD FOR A MOTION FOR RECONSIDERATION

If a motion seeks reconsideration of an order before the entry of final judgment, the motion is governed by Rule 54(b). That rule provides:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

A district court retains the discretion to reconsider or modify a grant of a partially dispositive motion at any time prior to the entry of final judgment. *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003) (citing *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991); Fed. R. Civ. P. 54(b)). Nevertheless, a court must exercise its discretion to consider such motions sparingly in order to avoid an unending motions practice. *See Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001). Under Rule 54(b), a motion for reconsideration generally should be limited to instances including when

---

[2] Wills references Federal Rule of Civil Procedure 59(e) as the authority supporting his motion. Because the judgment that Wills seeks to challenge was not a final judgment, however, Rule 54(b) governs his motion.

2

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . . [or] a controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems rarely arise and the motion to reconsider should be equally rare.

*Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *accord United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997). The Fourth Circuit has indicated that reconsideration is also appropriate where "a subsequent trial produces substantially different evidence" or "the prior decision was clearly erroneous and would work manifest injustice." *Am. Canoe Ass'n*, 326 F.3d at 515 (quoting *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988)). Generally, the Court will not entertain a motion to reconsider which asks the Court to "rethink what the Court ha[s] already thought through—rightly or wrongly." *Above the Belt, Inc.*, 99 F.R.D. at 101.

## II. WILLS'S MOTION FOR RECONSIDERATION

### A. Relevant Procedural Background

On December 4, 2018, Wills was charged in a superseding indictment with conspiracy to possess with intent to distribute cocaine (Count Two); possession with intent to distribute cocaine (Count Three); possession of a firearm by a convicted felon (Count Four); and possession of a firearm in furtherance of a drug trafficking crime (Count Five). (ECF No. 31, at 2–4.) On January 11, 2019, pursuant to a written plea agreement, Wills pleaded guilty to Counts Three and Four. (ECF Nos. 64, 65.) Pursuant to his plea, Wills acknowledged that the following facts were true:[3]

> 1. On April 28, 2018, Richmond Police officers performed a traffic stop on a vehicle driven by co-defendant Keith Gasque ("K. Gasque"). During the traffic stop, law enforcement recovered from a bag in the vehicle two firearms.
> 2. Officers also recovered from the vehicle a firearm magazine from the center console. They attempted to fit the firearm magazine in the two firearms, but found

---

[3] Wills also acknowledge that the facts contained in Counts Three and Four of the Superseding Indictment were true and that the Government could have proven such facts beyond a reasonable doubt had the matter gone to trial.

3

that the magazine did not fit. Accordingly, the officers sought and received a search warrant for K. Gasque's home at 2812 Geneva Drive, Richmond, Virginia.

3. On May 3, 2018, officers executed a search warrant at 2812 Geneva Drive. When they arrived, they encountered Regina Gasque ("R. Gasque"). After informing her of the basis for the search warrant, the officers began to search the home. They arrived at a locked bedroom in the home which R. Gasque admitted belonged to her and Christopher Wills ("Wills"). She stated that only she and Wills possessed the key to this bedroom.

4. When officers searched the bedroom, they found underneath the mattress a Charter Arms Pink Lady .38 caliber revolver, serial number 15–08455, which R. Gasque immediately admitted belonged to her.

5. The officers also discovered four additional firearms in the bedroom on the side of the bed that R. Gasque identified as belonging to Wills. Those firearms were a Taurus model 851, .38 caliber revolver, serial number BS39817; a Ruger model SR22, .22 caliber pistol, serial number 361–15346; a High Point model JHP, .45 caliber pistol, serial number X4176717; and a High Point model C9, 9mm caliber pistol serial number P164859. Each of the firearms recovered from the bedroom travelled in and affected interstate commerce.

6. In the same location as the firearms, officers found a black bag containing several ounces of suspected cocaine, packaged in one-ounce quantities. Laboratory reports confirmed the substance to be approximately 251.3 grams of cocaine. In the top drawer of the dresser drawer in the room law enforcement also located a digital scale, a plastic cup and spoon with suspected cocaine residue, and Wills's identification card.

7 On or about November 30, 2018, law enforcement arrested Wills pursuant to the indictment in this case. After being read his *Miranda* rights, Wills admitted to owning the drugs in the bedroom and to having engaged in drug trafficking over the previous several years.

8. Prior to May 3, 2018, Wills had been convicted of a crime punishable by greater than one year of incarceration.

(ECF No. 66, at 1–2.)

The affidavit in support of the search warrant stated, in pertinent part:

On 04/28/2018, at approximately 0130 hours, Officer Odic and myself, Knudsen, initiated a traffic stop at the intersection of E. Broad Rock Rd. and Lawson St. We stopped Mr. Keith Isiah Gasque for a window tint violation. Mr. Gasque provided us his identification. Mr. Gasque's information was run for warrants and none were found. Based on Mr. Gasque's demeanor he was asked to step out of the vehicle. He was advised that a protective sweep would be conducted.

The protective sweep was conducted and a magazine for a handgun loaded with bullets was found in the center console. We attempted to handcuff Mr. Gasque for investigative detention. Mr. Gasque ran from us and was caught soon after a short pursuit.

>He said the vehicle he was driving was his mother's vehicle. The registered owner of the vehicle was Regina Gasque. Regina Gasque's address listed in DMV is 2812 Geneva Dr. Mr. Gasque stated that he lived at 2812 Geneva Dr. Mr. Gasque's information was run in various other Police databases and all data bases listed Mr. Gasque's address as 2812 Geneva Dr.
>
>A search of the vehicle was conducted. While searching the vehicle a backpack in the back seat was found. The backpack contained two loaded hand guns and an empty extended magazine. The empty extended magazine did not fit into either weapon, and was a different manufacturer. Based on my training and experience dealing with firearms, I recognized the extended magazine to belong to a Glock firearm, while the two firearms that were recovered were a Smith and Wesson and Girsan, respectively. Mr. Gasque's information was then run through Teletype and it was confirmed that Mr. Gasque is a convicted felon.
>
>In my experience, as well as Detective Odic's experience, I know that individuals will often store firearms at their places of residence. Mr. Gasque was in possession of two firearms, and a magazine belonging to a third firearm that was not recovered at the time of his arrest. This would lead me to believe that the missing firearm is at Mr. Gasque's residence of 2812 Geneva Dr.
>
>Given that Mr. Gasque stated that he resides at 2812 Geneva Dr. Richmond, VA 23224, the vehicle's registration and DMV has 2812 Geneva Dr. as the listed address and all Police data bases had Mr. Gasque's address as 2812 Geneva Dr., it is my belief that a search of 2812 Geneva Dr. will yield further evidence of possession of a firearm by a convicted felon.
>
>This affiant has been an officer with the City of Richmond Police Department for 8 years. This affiant has taken classes taught at the Richmond Police Department on the use of firearms, including familiarization and identifying various firearm types. This affiant has made numerous firearm arrests.
>
>Detective Odic has been an officer with the City of Richmond Police Department for two and a half years. Detective Odic has received training through the Richmond Police Academy in recognition and use of firearms. Detective Odic has seized upwards of 70 firearms throughout his career, and these seizures have led to arrests and convictions in the General District and Circuit Courts.

(ECF No. 135–1, at 5–6 (paragraph header removed).) Based on the affidavit, the police obtained a search warrant that authorized them to search "2812 Geneva Dr., Richmond VA 23224" for "[f]irearms, ammunition, and any evidence related to the possession of firearms." (*Id.* at 1.)

5

Thereafter, as recounted above, the police searched the locked bedroom Wills shared with R. Gasque at 2812 Geneva Dr in Richmond and recovered firearms and cocaine.

In its June 23, 2021 Memorandum Opinion, the Court provided the following reasons for dismissing Claim One:

> Initially, Wills contends that the search of his locked room violated his Fourth Amendment rights because, "Regina Gasque made it abundantly clear to the officers that her son – Keith Gasque, lacked access to the aforesaid locked room. Consequently, the officers exceeded the particularity bound of the search warrant since the offense being investigated" pertained to whether Keith Gasque illegally possessed firearms. (ECF No. 130, at 6–7). Relatedly, Wills asserts that, "[t]he fruitless search of Keith Gasque's bedroom marked the end of the magistrate's permission for [the police] to search for a suspected firearm." (*Id.* at 7.) The search warrant clearly permitted the police to search the entire residence at 2812 Geneva Drive for firearms and ammunition. The fact that Wills and his girlfriend locked their bedroom door and Ms. Gasque indicated that Keith Gasque did not have access to their bedroom does not alter that fact. *See United States v. Canestri*, 518 F.2d 269, 273–74 (2d Cir. 1975) (citation omitted) (some internal quotation marks omitted) ("The warrant directed that the entire house be searched. . . . [T]o exclude the storeroom from the scope of the warrant on the facts of this case, would be to suggest that the purposes of a search warrant could be frustrated by the mere declaration of the owner of a one-family residence that one of the rooms therein 'belongs' to a party not named in the warrant.").
>
> Next, Wills contends that the search that revealed the cocaine exceeded the bounds of the search warrant. Specifically, Wills contends that "[t]he search warrant only authorized officers to search for a 'Glock' type firearm. The containers in which the substances were stored were not capable of concealing a Glock type firearm." (ECF No. 130, at 11.) Wills misreads the warrant. The warrant clearly authorized the search for firearms and *ammunition*. The record does not indicate that the black bag or other container(s) in which the cocaine was discovered could not also have served as a hiding place for ammunition.
>
> Finally, Wills contends that "[t]he discovery of two pistols and an ammunition magazine for an automatic type handgun did not provide 'probable cause' for issuance of a general search warrant [for the entire house] in which Keith Gasque resided with his mother." (*Id.* at 13.)[4] But it did. *See United States v. Ayers*, 924

---

[4] Wills also possibly refers to a number of other alleged improprieties, but he fails to demonstrate why they would support a viable basis for suppressing the evidence that gave rise to Counts Three and Four. For example, he asserts that his arrest "resulted, exclusively, from Regina Gasque's involuntary statements following the Fourth Amendment violation of her privacy." (ECF No. 130, at 10.) Wills fails to articulate how he could seek relief based on a violation Reginia

6

> F.2d 1468, 1480 (9th Cir. 1991) (citations omitted) ("A search warrant for the entire premises of a single-family residence is valid, notwithstanding the fact that it was issued based on information regarding the alleged illegal activities of one of several occupants of a residence."). In short, counsel reasonably eschewed pursuing a frivolous motion to suppress. Because Wills fails to demonstrate deficiency or prejudice, Claim One will be DISMISSED.

(ECF No. 148, at 5–6 (alterations in original) (footnote number altered).)

### B. Motion For Reconsideration

Wills contends that in his § 2255 Motion, he advanced the following seven arguments as to why counsel should have filed a motion to suppress:

> (a) Staleness of the search-warrant. See page 5(a);
> (b) Violation of the particularity requirement, as the validity of the warrant was premised upon the clip found during the traffic-stop. See, page 5(b)–(c);
> (c) Search warrant exceeded the scope of the search. See page 5(c) and (d);
> (d) Violation of the particularity requirement in that it authorized the seizure of evidence not supported by the affidavit;
> (e) The officers exceeded the scope of the warrant by searching the contents where the controlled substance was found. See page 5(g) and (i);
> (f) The seizing of narcotics violated the particularity requirement. See page 5(h);
> (g) The seizing of the firearms exceeded the scope of the affidavit.

(ECF No. 152, at 1.) Wills asserts that in dismissing Claim One, the Court only addressed three of these arguments. Specifically, Wills notes

> [The Court] first dealt with the search of the bedroom, deciding that it did not exceed the particularity bound of the scope of the search warrant. Next, the Court decided that the cocaine seized did not exceed the bounds of the search warrant, and last that the discovery of the firearms did not justify an issuance of the search warrant for the entire house.

(*Id.* at 1–2.) In his motion to reconsider, Wills does not specifically acknowledge which arguments, designated by letter above, were addressed. Moreover, in the cited pages of his

---

Gasque's rights. *Rakas v. Illinois*, 439 U.S. 128, 133 (1978) (emphasizing that "Fourth Amendment rights are personal rights that may not be asserted vicariously"). Additionally, Wills complains about the towing and search of the vehicles located on the property at 2812 Geneva Dr. However, the record indicates that no items relevant to the conduct charged in Counts Three and Four were recovered from these vehicles. (ECF No. 89 ¶ 47.)

7

memorandum in support of his § 2255 Motion, Wills did not designate these arguments as separate reasons for why counsel should have moved to dismiss. Rather, he insists that the Court should have distilled the allegedly overlooked arguments for relief from information he included in his memorandum. "Even in the case of *pro se* litigants, [a court] cannot be expected to construct full blown claims from sentence fragments . . . which is essentially what [Wills] is seeking here." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Nevertheless, given Wills's *pro se* status, the Court will address his recently designated arguments for relief.

### *1. Staleness – Argument (a)*

Wills now contends that the Court overlooked the portion of his § 2255 Motion where he argued that counsel should have moved to suppress the items recovered from the search of his residence on the ground of staleness. However, in the cited portion of his Memorandum, Wills merely stated:

> Although officers arrested Keith Gasque (petitioner's girlfriend's son) on April 28, 2018, at 1:30 A.M., an application for the search warrant was not made until nearly two days later, on April 29, 2018, at 10:35 P.M. Another four days elapsed before the warrant was executed (May 3, 2018, at 4:00 P.M.) The subject warrant was issued without identifying the time in which it was to be executed, and a return made to the court.
>
> Assuming that Keith Gasque had stored the firearm which officers suspected the seized magazine fitted, the five-day interval gave him an abundance of time and opportunity to have it removed from his bedroom, and taken to another room in the residence, or a different address. . . .

(Mem. Supp. § 2255 page 5(a), ECF No. 130, at 5.)

The United States Court of Appeals for the Fourth Circuit has observed that:

> Stale search warrants arise in two situations: (1) when facts alleged in the warrant established probable cause when the warrant was issued, "but the government's delay in executing the warrant . . . tainted the search;" and (2) when "the information on which [the search warrant] rested was arguably too old to furnish 'present' probable cause."

*United States v. Lasdulce*, 237 F. App'x 811, 813 (4th Cir. 2007) (alterations in original) (quoting *United States v. McCall*, 740 F.2d 1331, 1336 (4th Cir. 1984)). Neither circumstance is present here.

The search of Gasque's vehicle revealed two firearms and the magazine for a third firearm, which did not fit either of the firearms in the vehicle. Keith Gasque remained in police custody during the five-day period from the search of his vehicle until the search of his residence. (ECF No. 80, at 1.) "Although the criminal activity alleged in the affidavit was not of a continuous and ongoing nature, the nature of the property to be seized and the place to be searched make the [limited] delay inconsequential." *United States v. Shomo*, 786 F.2d 981, 984 (10th Cir. 1986) (concluding "that the ten-day period between the time appellant was seen carrying a revolver and the issuance of the warrant was not so long that the information contained in the affidavit had become stale.") Accordingly, Wills fails to demonstrate that counsel acted deficiently or that he was prejudiced by counsel's failure to move to suppress on grounds of staleness.

### 2. Search warrant exceeded the scope of the search – Argument (c)

In designated argument (c), Wills contends that the search warrant exceeded the scope of the search. Even at this stage, it is unclear what Wills means by this statement. The cited pages of his Memorandum in Support of his § 2255 Motion merely continued Wills's argument that police should not have been permitted to search his locked room. This argument lacks merit for the reasons set forth in the June 23, 2021 Memorandum Opinion.

### 3. The seizing of the narcotics violated the particularity requirement - Argument (f)

In designated argument (f), Wills contends that the seizing of narcotics violated the particularity requirement and cites the Court to page 5(h) of his Memorandum in Support of his § 2255 Motion. On the cited page, Wills asserts that, "[s]imply because an item appears suspicious

9

falls short of providing probable cause for its seizure." (ECF. No. 130, at 12 (citing *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 554–55 (6th Cir. 2003)). Wills then quotes *Shamaeizadeh* for the following proposition:

> Seizing items beyond the scope of a warrant's authorization violates the Fourth Amendment rights of the subject of a search. *Andresen v. Maryland*, 427 U.S. 463, 480 (1976); *see Brindley v. Best*, 192 F.3d 525, 533 (6th Cir. 1999) (reversing a district court's grant of summary judgment because "[n]o reasonable officer in the defendants' position could have believed that certain seized items were within the scope of the warrant or evidence of a crime[]"). Generally, officers are obligated to secure an additional warrant if they want to seize things not included in a warrant.

(*Id.* (quotation corrected) (quoting *Shamaeizadeh*, 338 F.3d at 554).

Wills apparently contends that because narcotics were not described as the object of the search warrant, the police were required to obtain and additional search warrant before they seized those items. In making this argument, Wills ignores the next segment of *Shamaeizadeh*, which states:

> However, where a warrant justifies an officer's initial intrusion and the officer "in the course of the search come[s] across some other article of incriminating character," the plain view doctrine may supplement the prior justification and permit the warrantless seizure. *Coolidge v. New Hampshire*, 403 U.S. 443, 465, 91 S. Ct. 2022, 29 L.Ed.2d 564 (1971). Under the plain view doctrine, officers may seize items not within the scope of the warrant where the evidence is "(1) in plain view; (2) of a character that is immediately incriminating; (3) viewed by an officer lawfully located in a place from where the object can be seen; and (4) seized by an officer who has a lawful right of access to the object itself." [*United States v. Roark*, 36 F.3d 14, 18 (6th Cir. 1994)]. . . . In determining whether probable cause is immediately apparent upon viewing an object, this court has considered three factors: ["](1) the nexus between the seized object and the items particularized in the warrant; (2) whether the intrinsic nature or appearance of the seized object gives probable cause to associate it with criminal activity; and (3) whether probable cause is the direct result of the executing officer's instantaneous sensory perceptions.["] *United States v. Calloway*, 116 F.3d 1129, 1133 (6th Cir. [1997]).

*Shamaeizadeh*, 338 F.3d at 554 (first alteration in original).

On Wills's side of the bed, the police found four firearms and a black bag containing several ounces of suspected cocaine, packaged in one-ounce quantities. In a nearby dresser drawer,

10

law enforcement officials located a digital scale, a spoon with suspected cocaine residue, and Wills's identification card. It is apparent that under the plain view doctrine no further warrant was required to seize the suspected cocaine. Given these circumstances, Wills fails to demonstrate that counsel was deficient or that he was prejudiced by counsel's failure to move to suppress the cocaine on the ground that it had been seized even though it was not specified as an object of the search warrant.

### *4. The seizing of firearms exceeded the scope of the affidavit – Argument (g)*

Wills fails to direct the Court to where he previously made this argument, but in his Motion for Reconsideration, he states:

> The affidavit submitted in support of the search warrant stated that the purpose was to locate the firearm (9mm Glock-style) that fit the clip found during the traffic-stop. In pertinent part, the officer stated "[t]his would lead me to believe that the missing firearm is at Mr. Gasque's residence . . . ." See affidavit in support of search warrant. In the same affidavit, the officer also stated, "it is my belief that a search of 2812 Geneva Dr. will yield further evidence of possession of a firearm by a convicted felon." *Id.* It is clear that the affiant was looking for a firearm. A 9mm Glock-style firearm to be exact. That was the basis for the search. The triggering criminal offense committed by a person other than Wills. The broadening language by the magistrate clearly violated the particularity requirement of the supporting affidavit.

(ECF No. 152, at 3 (alteration and omission in original).) Although not clear, Wills apparently believes that police only should have been allowed to search the residence for the singular Glock firearm that matched the magazine recovered from the car. Wills suggests that the magistrate unilaterally took it upon himself to broaden the search to include any "[f]irearms, ammunition, and any evidence related to the possession of firearms." (ECF No. 135–1, at 3.) This is not true. The police sought, and the affidavit clearly supported, probable cause to believe "that a search of 2812 [would] yield further evidence of possession of a firearm by a convicted felon." (*Id.* at 6.) Therefore, the search warrant properly authorized the police to search and seize *any* firearms or

11

ammunition at the specified residence. Wills has not demonstrated that counsel performed deficiently, or that he was prejudiced, by counsel's failure to raise the argument Wills advances here.

### *5. Wills's other arguments for reconsideration*

Wills contends that, "the Court made a clear error of fact when determining the black bag [in which the cocaine was found] was not a part of the record." (ECF No. 152, at 3.) Apparently, Wills takes issues with the portion of the prior Memorandum Opinion wherein the Court stated;

> Wills contends that the search that revealed the cocaine exceeded the bounds of the search warrant. Specifically, Wills contends that "[t]he search warrant only authorized officers to search for a 'Glock' type firearm. The containers in which the substances were stored were not capable of concealing a Glock type firearm." (ECF No. 130, at 11.) Wills misreads the warrant. The warrant clearly authorized the search for firearms and *ammunition*. The record does not indicate that the black bag or other container(s) in which the cocaine was discovered could not also have served as a hiding place for ammunition.

(ECF No. 148, at 6 (alteration in original).) The Court did not state the black bag was not part of the record. Rather, the Court properly placed upon Wills the burden of explaining why the black bag could not have served as a hiding place for ammunition. Accordingly, this argument does not warrant any relief.

Lastly, Wills argues that the Court erred in denying him relief on Claim Four. Wills, however, fails to demonstrate that the Court erred in dismissing Claim Four (a) or directing further proceedings on Claim Four (b). Accordingly, this argument fails.

### III. <u>CONCLUSION</u>

Wills's Motion to Supplement, (ECF No. 134), will be GRANTED to the extent that the Court will consider the information contained therein. Wills's Motion for Reconsideration, (ECF No. 152), will be DENIED. The Court will not consider further argument with respect to the Motion for Reconsideration or the claims previously dismissed by the Court. Counsel has been

12

appointed by the Court to represent Wills only with respect to Claim Four (b) and the issue of whether counsel performed deficiently by failing to pursue an appeal on behalf of Wills.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 31 May 2022
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

13